UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62697-CIV-SINGHAL

AJEMEL YAEKOB HASSEN

Petitioner,

v.

JUAN GONZALEZ, *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "**Petition**"). (DE [1]). Although Petitioner is represented by excellent counsel who regularly files exemplary papers in this Court, the Court is constrained to **DENY** the Petition (DE [1]).

## I. BACKGROUND

Petitioner lawfully entered the United States in December 2022 on a student visa that expired on October 16, 2023. *Id.* ¶ 25; (DE [1-5] at 2). Petitioner was subsequently arrested without a warrant and detained by U.S. immigration authorities on August 1, 2026. (DE [1] ¶¶ 31–37). Although Petitioner has been in custody since that time, immigration authorities did not issue a Notice to Appear ("**NTA**") or file same in the Executive Office for Immigration Review until August 2 and 10, respectively. *Id.* ¶¶ 38, 45. Petitioner's removal case docketed on August 11, 2026. *Id.* ¶ 45.

## II. LEGAL STANDARD

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner

who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## **III. DISCUSSION**

Petitioner asserts four grounds for relief. The Court takes grounds I and II together, and then considers grounds III and IV in turn.

### **A. Grounds I and II Fail**

At bottom, Petitioner contends in grounds I and II that immigration authorities unlawfully arrested and detained him without a warrant or statutory authority before his removal proceedings began on August 10, 2026. *See* (DE [1] at 8–13). The problem, though, is that an NTA has since issued and Petitioner's removal proceedings are underway. *Id.* ¶¶ 38, 45. Accordingly, even assuming Petitioner is correct that he is subject to 8 U.S.C. § 1226(a), the government's detention authority under that statute triggered no later than August 10, 2026. *Id.* ¶ 56. And because the unlawfulness of a habeas petitioner's "original arrest or commitment" is insufficient to warrant release if his detention is *presently* lawful, grounds I and II fail. *See Acosta Gonzalez v. Noem*, 832 F. Supp. 3d 1303, 1311 (S.D. Fla. 2026) (Singhal, J.) ("[I]f sufficient ground for [a habeas petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." (quoting *Nishimura Ekiu v. United States*, 142 U.S. 651, 662 (1892))).

### **B. Ground III Fails**

Ground III fares no better. Petitioner urges the Court to evaluate the legality of his detention under *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). *See* (DE [1] ¶ 75). Even if *Matthews* supplied the governing due process framework in the immigration detention

context, Petitioner's argument would fail. Indeed, Petitioner does not demonstrate a "risk of an erroneous deprivation of . . . [his liberty] interest" insofar as he concedes he is detainable under § 1226(a). *See Matthews*, 424 U.S. at 335. But *Matthews* does not supply the appropriate framework.

Rather, the Supreme Court's due process decisions in the immigration detention context provide a better framework for determining the legality of Petitioner's detention. *See Zadvydas*, 533 U.S. 678; *Demore v. Kim*, 538 U.S. 510 (2003). Those authorities teach that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process" because "deportation proceedings 'would be [in] vain if those accused could not be held in custody pending the inquiry into their true character.'" *Demore*, 538 U.S. at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). And although immigration detention is not without constitutional limitations, due process does not ordinarily mandate a bond hearing or release until detention exceeds six months. *See id.* at 530–31 (alien detained for six months under § 1226(c) not entitled to bond hearing); *Zadvydas*, 533 U.S. at 701. Even then, a detainee must proffer evidence demonstrating "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under *Zadvydas* the alien . . . must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

Petitioner does not demonstrate due process entitles him to a bond hearing, much less release. He has been detained less than two months and offers nothing suggesting he is unlikely to be removed in the reasonably foreseeable future. Accordingly, Ground III fails.

## C. The Court Declines to Provide an Advisory Opinion on Ground IV

Finally, Petitioner asks the Court to declare that he is detained under § 1226(a). As is noted above, habeas is fundamentally "a remedy for unlawful executive detention." *Munaf,* 553 U.S. at 693 (citation omitted). The Court is unaware of any authority that would permit it to declare that Petitioner is subject to § 1226(a) without first determining Petitioner is unlawfully detained. Accordingly, the Court declines to declare whether Petitioner is detained under § 1226(a).

**ORDERED AND ADJUDGED** that:

1. The Petition (DE [1]) is **DENIED**;
2. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF